RAYMOND G. FORTNER, JR., County Counsel
ROGER H. GRANBO, Assistant County Counsel
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713
Telephone No. (213) 974-0812
Facsimile No. (213) 626-2105

DENNIS M. GONZALES, State Bar No. 59414
RAYMOND W. SAKAI, State Bar No. 193507
NATHAN A. OYSTER, State Bar No. 225307
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, CA 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Casey Dowling,
Armando Orellana, Guillermo Sanchez,
John Spiropoulos, and Sal Stewart

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINA CRESPO SILVA, individually, and as the personal representative of CESAR SILVA, deceased, and EILEEN MARTINEZ, as Guardian ad Litem for D.M., a minor,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES, J.S., a Minor, DEPUTY JOHN SPIROPOULOS, DEPUTY SAL STEWART, DEPUTY GUILLERMO SANCHEZ, DEPUTY ARMANDO ORELLANA and SARGENT CASEY DOWLING,<br><br>　　　　Defendants. | Case No. CV 08-07934 RGK (PLAx)<br><br>Honorable Paul L. Abrams<br><br>**PROTECTIVE ORDER**<br><br>**\*\*NOTE CHANGES MADE BY THE COURT (see pages 7 and 8)\*\*** |

　　Having reviewed and considered the Parties' Stipulation For Protective Order, good cause showing therein, IT IS SO ORDERED:

1

## I. INTRODUCTION AND STATEMENT OF GOOD CAUSE.

1. <u>Plaintiff.</u>  The Plaintiffs are Carolina Crespo Silva, the wife of Cesar Silva,

2. <u>Plaintiff.</u>  and Eileen Martinez, as *Guardian Ad Litem* for D.M., a minor (collectively, "Plaintiffs," "Receiving Parties," or "Receiving Party").

3. <u>County Defendants.</u>  The County Defendants are the County of Los Angeles, and Los Angeles County Sheriff's Department ("LASD") deputies Casey Dowling, Armando Orellana, Guillermo Sanchez, John Spiropoulos, and Sal Stewart ("County Defendants" and/or "Disclosing Party;" Plaintiffs and Defendants are collectively referred to as the "Parties").

4. <u>Receiving Parties.</u>  The Receiving Parties shall refer to all Parties receiving information from the County Defendants pursuant to this protective order.

5. <u>Case Summary.</u>  This case arises from the death of Cesar Silva following an altercation with LASD deputies on or about November 20, 2007.

6. <u>Good Cause Statement.</u>  The Parties anticipate that during discovery in this action they will exchange documents, items, or materials and other information that contain sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their secrecy and confidentiality ("Confidential Information").  Confidential Information includes private medical records and various records subject to the Health Insurance Portability and Accountability Act, the Confidentiality of Medical Information Act, the official information privilege, the right to privacy guaranteed in Federal Constitution, First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure.

SILVA,C\PLDG\PROTECTIVE ORDER\

7. <u>Interests In Favor Of Protective Order.</u>  This order is necessary to expedite discovery, while maintaining confidential and private information of defendants, and to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense.  Further, disclosure of such information without a protective order may compromise the safety third parties.

8. <u>Stipulation.</u>  The Parties are entering into this Stipulated Protective Order to protect against any improper disclosure or risk of circumvention of law that might result from disclosure of sensitive and confidential law enforcement information as described in this Order.  To informally resolve this discovery matter, the Parties have agreed to this stipulated protective order that carefully limits the use and dissemination of the Confidential Information.

## II. USE AND DISSEMINATION OF THE CONFIDENTIAL INFORMATION.

9. <u>Confidential Information.</u>  This protective order shall apply to all Confidential Information, produced by The County Defendants to the Parties.  The Confidential Information shall include, but not be limited to, originals and copies of relevant interrogatory responses obtained from the County Defendants in this matter; all originals and copies of relevant documents responsive to the Parties' requests for production of documents obtained from the County Defendants in this matter; and all originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

10. <u>Storage Of Confidential Information.</u>  Immediately upon production by the Disclosing Party, attorneys for Receiving Party shall personally secure and maintain the Confidential Information in their possession.  The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel,

cleaning personnel, etc.) might have access to them.

11. **Confidential Information Legend.** All documents containing Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and shall be sealed pursuant to this Order.

12. **Limitation Of Use Of Confidential Information.** Attorneys for Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order. Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 15 and 16 of this Order and it is done so under seal.

13. **Testimony Regarding The Confidential Information.** In the case of depositions, any party may designate all or any portion of the deposition testimony given in this litigation as Confidential Information, either orally during the deposition or in writing within ten (10) business days after receipt of the deposition transcript. Until expiration of the ten (10) business-day period, the entire deposition shall be treated as Confidential Information. Further, to the extent that Confidential Information may be identified or referred to in depositions in this case, the court reporter transcribing the deposition shall sign a statement as set forth in paragraph 18. Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order. Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.

14. **Inadvertent Disclosure.** If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be

remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend. In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the party had already disseminated the Confidential Information to any person, the party will notify all such persons in writing of the need to return such Confidential Information and not to further disseminate it.

15. <u>Limitations On The Non-Litigation Use Of Confidential Information.</u> The secrecy and confidentiality of the Confidential Information exchanged during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action entitled. No Confidential Information or copies thereof, nor any transcript, quotation, paraphrase, summary, or other description containing Confidential Information shall be reproduced, disseminated, or disclosed to any person or use for any purpose except in accordance with this Stipulation and Order or by further Order of the Court. Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications. The Receiving Party is prohibited from placing any of the Confidential Information on the internet.

16. <u>Court Filings.</u> If necessary in the judgment of attorneys for Receiving Party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5.

17. <u>Other Persons Authorized To Review Confidential Information.</u> The Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order. Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the

Confidential Information. Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in paragraph 18 below, and comply with the provisions of that section.

18. <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of any Confidential Information to any person described above, attorneys for Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy, which counsel shall thereafter serve on the Disclosing Party the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document. I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.
>
> Dated: _____ /s/_____"

This written requirement applies to, but is not limited to, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by Receiving Party's counsel to assist in the preparation and/or the litigation of this action. The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

19. <u>No waiver of objections.</u>  Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents.  This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order.  Nor do Defendants waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see e.g.*, *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992) by entering into this order.

20. <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party.  The Receiving Party shall inform the person or entity seeking the information of the existence of this Stipulation and Order and shall not produce the Confidential Information absent a Court Order requiring such production.

21. <u>Modification.</u>  For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court**, pursuant to Local Rule 37.**

22. <u>Return of Confidential Information.</u>  No more than thirty (30) calendar days after the conclusion of this case the Receiving Parties and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and

provisions of this Order pursuant to paragraph 18 of this Order, to the Disclosing Party care of:

>Raymond W. Sakai, Esq.
>Lawrence Beach Allen & Choi, PC
>100 West Broadway, Suite 1200
>Glendale, California 91210-1219;

Alternatively, the Receiving Parties and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the Receiving Parties shall send a signed declaration stating that such material has been destroyed pursuant to this protective order.

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

Dated:  October 16, 2009    _____
                            Honorable Paul L. Abrams
                            United States Magistrate Judge